**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-1667**

LIBERTY NURSING AND REHABILITATION CENTER - MECKLENBURG
COUNTY,

        Petitioner,

    v.

MICHAEL LEAVITT, Secretary of the United States Department of
Health and Human Services; U.S. DEPARTMENT OF HEALTH & HUMAN
SERVICES,

        Respondents.

On Petition for Review of an Order of the United States Department
of Health and Human Services.  (A-07-67)

Submitted:  March 28, 2008      Decided:  October 2, 2008

Before MOTZ, KING, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Joseph L. Bianculli, HEALTH CARE LAWYERS, PLC, Arlington, Virginia,
for Petitioner.  Peter D. Keisler, Assistant Attorney General,
Daniel Meron, General Counsel, Howard H. Lewis, Acting Chief
Counsel, Erica C. Matos, Assistant Regional Counsel, Atlanta,
Georgia, for Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Liberty Nursing and Rehabilitation Center-Mecklenberg ("Liberty"), a skilled nursing care facility, seeks review of a final decision of the Secretary of the Department of Health and Human Services ("Secretary").[1]  That decision affirmed an administrative law judge ("ALJ") decision upholding: (i) findings that Liberty failed to comply with Medicaid and Medicare program requirements; and (ii) the imposition of civil monetary penalties ("CMP") against Liberty for its noncompliance.  We deny Liberty's petition for review.

When the question before this court is whether an agency has properly interpreted and applied its own regulations, the reviewing court must give the agency's interpretation "substantial deference."  See Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 512 (1994).  This court must defer to the Secretary's reasonable interpretation of its regulations so long as it is not "plainly erroneous or inconsistent with the regulation[s]."  See id. Moreover, this court will defer to the Secretary's findings of fact if they are "supported by substantial evidence on the record considered as a whole."  See 42 U.S.C. § 1320a-7a(e) (2000). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It

---

[1]We have jurisdiction to consider Liberty's petition pursuant to 42 U.S.C. § 1320a-7a (2000).

- 2 -

consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  See Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984) (internal citation and quotation marks omitted).

We find the record contains evidence that a reasoning mind would accept as sufficient to support the Secretary's conclusion that Liberty did not comply with agency regulations.[2] Accordingly, neither the ALJ nor the Secretary abused their discretion in upholding the imposition of CMPs.  See 42 C.F.R. § 488.438(e) (2008).  We therefore deny Liberty's petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[2]We reject Liberty's assertion that the Secretary lacks authority to issue citations for violations involving motor vehicles.  Because 42 C.F.R. § 483.25(h)(1) (2008) speaks of the residents' *environment*, it is to be interpreted as broadly as is necessary to protect residents in all locations under the facility's control, including facility vehicles.  It would be incongruous to hold that residents travel at their own risk when the facility to which they have entrusted their care transports them off-site.